**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Henry I. Zeisel and Zeisel Accura Machinery Corporation, ) ) ) | |
| Plaintiffs, ) ) | Adv. Pro. No. 06-80094-jw |
| vs. ) ) | ORDER |
| Clifford E. Bell. ) ) | |
| Defendant. ) ) | |

*FILED JUN 3 0 2006 — United States Bankruptcy Court, Columbia, South Carolina*

*ENTERED JUN 3 0 2006 K.E.P.*

**ORDER ON MOTION OF HENRY I. ZEISEL AND ZEISEL ACCURA MACHINERY CORPORATION FOR JUDGMENT ON THE PLEADINGS**

The matter before the Court is the motion of Henry I. Zeisel and Zeisel Accura Machinery Corporation (collectively "Zeisel") pursuant to Bankruptcy Rule 7012(b) and Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. The issue presented by the motion is whether this Court's Order for Judgment entered October 5, 1998, in Adversary Proceeding No. 98-80039 as part of Debtor's prior Chapter 7 case filed in the District of South Carolina, Case No. 97-0461 ("1998 Order") also bars the subject debt in the Defendant's current Chapter 7 case. Having considered the record in the case and arguments of the parties the Court finds that Zeisel's motion should be granted.

**PROCEDURAL BACKGROUND**

1. Clifford E. Bell, ("Debtor") is a South Carolina resident. Following efforts by Zeisel in 2005 to enforce the judgment resulting from the 1998 Order, Debtor filed a Chapter 7 case in the Western District of North Carolina on October 15, 2005, Case No. 05-35915.

2. The Debtor's schedules list Zeisel as the Debtor's largest unsecured creditor. Zeisel's claim against the Debtor is in the amount of approximately $200,000 and is the debt represented by the judgment of the 1998 Order. The issues in this adversary proceeding arise from

the 1998 Order which held that the subject debt constituted a non-dischargeable obligation. The adversary complaint was originally filed in the Chapter 7 case pending in the Western District of North Carolina and assigned Adversary Proceeding No. 06-3011.

3. Zeisel filed a motion to transfer the Debtor's Chapter 7 case to the District of South Carolina. The motion was denied, but the North Carolina Court recognized that if an issue arose regarding the applicability and effect of the 1998 Order, the Court intended to transfer venue of the adversary proceeding to the District of South Carolina. At the time the venue motion was heard, Debtor had not yet responded to the complaint. Debtor subsequently filed an answer denying the allegations of the complaint and thereby putting into dispute the effect of the 1998 Order in the current Chapter 7 case.

4. Zeisel then filed a motion for the entry of an order under 28 U.S.C. §1412 transferring venue of this adversary proceeding to the District of South Carolina. The motion was granted.

### ISSUE

The debt which was barred from discharge under the 1998 Order pursuant to 11 U.S.C. § 523 is the same debt which is the subject of the instant adversary proceeding. The primary issue raised in the adversary proceeding and this motion is whether the 1998 Order and the doctrine of *res judicata* bar a re-determination of the issue of dischargeability as to the subject debt. A decision on this issue in favor of Zeisel would render moot the remaining issues in this adversary proceeding.

## CONCLUSIONS OF LAW

A party may move for judgment on the pleadings after the pleadings close, and in a manner to avoid delay of trial. F.R. Civ. P. 12(c). Upon such a motion, the Court shall consider all pleaded facts as admitted by the moving party and relief may be granted, after viewing the pleadings in the light most favorable to the non-moving party, where it "appears certain" to the Court that the non-moving party has not presented "any set of facts" worthy of relief. Miracle of Life, LLC v. North American Van Lines, Inc., 368 F.Supp.2d 494, 496 (D.S.C. 2005). The Court should grant a motion for a judgment of the pleadings when the case can be decided as a matter of law. S and S Const., Inc. of Anderson v. Reliance Ins. Co., 42 F.Supp.2d 622, 623 (D.S.C. 1998).

For the purpose of judicial economy, once a final judgment is rendered on the merits, the parties, or those in privity to the action, are barred from subsequent litigation of the same laws or facts under the doctrine of *res judicata*. A party may claim *res judicata* by showing the following: (1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process, (2) the parties are identical, or in privity, in the two actions, and (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (holding that *res judicata* applies to decisions of bankruptcy courts.).

This Court has previously determined that federal law prohibits the blanket application of *res judicata* to state court judgments regarding the dischargeability of a debt in bankruptcy and that the same principle seems to also be applicable to pre-petition federal cases. See In re Swilley, 295 B.R. 839, 845 (Bankr. D.S.C. 2003). In Swilley, this Court also cited the case of In re Zois, 201 B.R. 501 (Bankr. W.D. Ill. 1996), in which the Bankruptcy Court found that a federal district court's classification of a debt owed as non-dischargeable was not *res judicata*, reasoning that since no bankruptcy case had been filed when the Court found the debt non-dischargeable, the

district court lacked jurisdiction. The common thread in these is that at the time the finding or agreement as to dischargeability was made, there was no pending bankruptcy case.

In the instant case, this Court entered its 1998 Order in an active Chapter 7 case with the consent of the parties represented by counsel in settlement of a § 523 action. Because the 1998 Order was entered by a bankruptcy court in an active case, it is sufficient to bar a re-determination of the issue of dischargeability in a subsequent bankruptcy case involving the same debt and the same parties. See In re Saler, 217 B.R. 166, 170 (E.D. Pa. 1998) (holding that a stipulation approved by a bankruptcy court that classified debts as excepted from discharge barred a re-determination of the issue of dischargeability in a subsequent bankruptcy case); In re Tranter, 245 B.T. 419, 420 (Bankr. S.D. Fla. 2000) (finding that a prior determination by a bankruptcy court that a debt was excepted from discharge was binding in another proceeding to except the same debt from debtor's discharge in debtor's subsequent bankruptcy case).

Pursuant to the law and facts set forth above, the Court shall not reconsider and litigate an issue that has once already been decided by the 1998 Order. *Res judicata* bars Defendant from discharging the debt owed to Zeisel in Defendant's subsequent bankruptcy. Accordingly, the Court finds as a matter of law that the debt owed to Zeisel, represented by the 1998 Order, is excepted from discharge and the Court grants Zeisel judgment on this matter pursuant to Fed. R. Civ. P. 12(c).

**AND IT IS SO ORDERED.**

_[signature]_
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
June 30, 2006